UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **WILBERT WILLIAMS IV** | : | **DOCKET NO. 2:19-cv-0198** |
| **D.O.C. # 510104** | | **SECTION P** |
| **VERSUS** | : | **UNASSIGNED DISTRICT JUDGE** |
| **TIMOTHY HOOPER** | : | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Wilbert Williams IV, who is proceeding pro se in this matter. Williams is an inmate in the custody of the Louisiana Department of Public Safety and Corrections and is currently incarcerated at Elayn Hunt Correctional Center in St. Gabriel, Louisiana. This matter is before the court on initial review under Rule 4 of the Rules Governing Section 2254 Proceedings in the United States District Courts, and has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636. This petition is referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of the court.

### I.
#### BACKGROUND

The history of Williams's criminal conviction, appeal, and pursuit of post-conviction remedies is provided in this court's prior memorandum order. Doc. 8. There the court noted that Williams's federal habeas petition was untimely by at least 70 days, based on the earliest date he provided for his application for post-conviction relief. Accordingly, we directed Willliams to file

a response clarifying the date on which his state application for post-conviction relief was first filed. *Id.* We also instructed him to assert any basis for equitable tolling of § 2254's limitations period. *Id.*

Williams has complied, admitting that his application for post-conviction relief was first filed on September 16, 2016 (making the instant petition untimely by eleven days). Doc. 9, p. 2; *see* doc. 8, p. 4. He asserts that his petition was untimely because (1) he suffers from mental illness, which prevented him from determining "what legal action must be done in regard of filing his post-conviction and his writ for habeas corpus," and (2) he was then incarcerated at Allen Correctional Center in Kinder, Louisiana, where he asserts that the law library was "inadequate" and he "had to depend on non-specialized and unqualified inmate's counsel" to assist him in preparing his application for post-conviction relief. Doc. 9, p. 3. Williams maintains that both factors constitute extraordinary circumstances warranting equitable tolling of the limitations period. *Id.* at 3–4.

A petitioner may be entitled to equitable tolling of § 2244(d)'s limitations period if he can show that (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way to prevent timely filing. *Pace v. DiGuglielmo*, 125 S.Ct. 1807, 1814 (2005). "A petitioner's failure to satisfy the statute of limitations must result from **external** factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006) (emphasis added). The petitioner bears the burden of showing that equitable tolling is warranted. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.), *modified on reh'g*, 223 F.3d 797 (5th Cir. 2000).

Even when he is incarcerated and/or proceeding pro se, a petitioner's "lack of legal training, ignorance of the law, and unfamiliarity with the legal process are insufficient reasons to equitably

toll [§ 2244(d)'s] statute of limitations." *United States v. Petty*, 530 F.3d 361, 365–66 (5th Cir. 2006). While mental illness *may* provide grounds for equitable tolling, "it does not do so as a matter of right." *Smith v. Kelly*, 301 F. App'x 375, 377 (5th Cir. 2008). Instead, the petitioner must (1) make a threshold showing of incompetence and (2) show that this incompetence affected his ability to file a timely habeas petition. *Jones v. Stephens*, 541 F. App'x 499, 505 (5th Cir. 2013).

Here Williams asserts that he suffers from paranoid schizophrenia, manic depression, and gender dysphoria. Doc. 9, p. 3. He provides no support for these diagnoses, however, and no explanation of how or to what extent they prevented him from determining what legal action he must take. *See id.* While he complains of a lack of assistance and an inadequate law library at his place of incarceration, the court notes that other inmates have timely pursued state post-conviction and federal habeas remedies from that facility. Accordingly, Williams fails to show any external circumstance extraordinary enough to warrant equitable tolling and his petition should be denied.

## IV.
### CONCLUSION

Based on the foregoing, **IT IS RECOMMENDED** that the instant petition be **DENIED** and **DISMISSED WITH PREJUDICE** as untimely under Rule 4 of the Rules Governing § 2254 Proceedings in the United States District Courts.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service shall bar an aggrieved party from attacking either the factual findings or the legal

conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

In accordance with Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. *See* 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

THUS DONE AND SIGNED in Chambers this 30th day of May, 2019.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE